ORIGINAL

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   2806 Van Ness Avenue
3  San Francisco, CA 94109
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiffs
   CRAIG YATES
6  and DISABILITY RIGHTS
   ENFORCEMENT, EDUCATION,
7  SERVICES: HELPING YOU      **E-filing**
   HELP OTHERS

**FILED**

MAY 2 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EMC

8

9

10  UNITED STATES DISTRICT COURT

    NORTHERN DISTRICT OF CALIFORNIA

11  CRAIG YATES, an individual; and       ) **CV 08 2545**
12  DISABILITY RIGHTS, ENFORCEMENT, )  **CASE NO.**
    EDUCATION, SERVICES:HELPING YOU)     **Civil Rights**
13  HELP OTHERS, a California public benefit )
    corporation,                          ) **COMPLAINT FOR INJUNCTIVE RELIEF**
14                                        ) **AND DAMAGES:**
            Plaintiffs,                   )
15                                        ) **1st CAUSE OF ACTION:** For Denial of Access
    v.                                    ) by a Public Accommodation in Violation of the
16                                        ) Americans with Disabilities Act of 1990 (42
                                          ) U.S.C. §12101, *et seq.*)
17  SUSHI BISTRO, INC.,a California        )
    corporation; JEFFERY LAU; and SOPHIA ) **2nd CAUSE OF ACTION:** For Denial of Full
18  LAU,                                  ) and Equal Access in Violation of California
                                          ) Civil Code §§54, 54.1 and 54.3
19          Defendants.                   )
                                          ) **3rd CAUSE OF ACTION:** For Denial of
20                                          Accessible Sanitary Facilities in Violation of
                                            California Health & Safety Code §19955, *et seq.*
21
                                            **4th CAUSE OF ACTION:** For Denial of
22                                          Access to Full and Equal Accommodations,
                                            Advantages, Facilities, Privileges and/or
23                                          Services in Violation of California Civil Code
                                            §51, *et seq.* (The Unruh Civil Rights Act)
24

25                                          **DEMAND FOR JURY**

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1   Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT,

2   EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

3   corporation (hereinafter sometimes referred to as "DREES"), complain of defendants SUSHI

4   BISTRO, INC.,a California corporation; JEFFERY LAU; and SOPHIA LAU and allege as

5   follows:

6   **INTRODUCTION:**

7       1.      This is a civil rights action for discrimination against persons with physical

8   disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are

9   members, for failure to remove architectural barriers structural in nature at defendants' SUSHI

10  BISTRO, a place of public accommodation, thereby discriminatorily denying plaintiffs and the

11  class of other similarly situated persons with physical disabilities access to, the full and equal

12  enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and

13  accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to the

14  Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

15  51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

16      2.      Plaintiff CRAIG YATES  is a person with physical disabilities who, on or about

17  November 29, 2007, March 5, 2008, April 3, 2008 and May 4, 2008, was an invitee, guest,

18  patron, customer at defendants' SUSHI BISTRO, in the City of San Francisco, California.  At

19  said time and place, defendants failed to provide proper legal access to the bistro, which is a

20  "public accommodation" and/or a "public facility" including, but not limited to the entrance, path

21  of travel and  unisex restroom.  The denial of access was in violation of both federal and

22  California legal requirements, and plaintiff CRAIG YATES  suffered violation of his civil rights

23  to full and equal access, and was embarrassed and humiliated.

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**JURISDICTION AND VENUE:**

3.    **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 445 Balboa Street, San Francisco, in the City and County of San Francisco, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5.    Plaintiff CRAIG YATES  is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff CRAIG YATES  is a "person with physical disabilities", as defined by all applicable California and United States laws.  Plaintiff is triplegic. Plaintiff CRAIG YATES requires the use of a wheelchair to travel about in public.  Consequently, plaintiff CRAIG YATES is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

1       6.    Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

2   HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

3   with persons with disabilities to empower them to be independent in American society.  DREES

4   accomplishes its goals and purposes through education on disability issues, enforcement of the

5   rights of persons with disabilities, and the provision of services to persons with disabilities, the

6   general public, public agencies and the private business sector.  DREES brings this action on

7   behalf of its members, many of whom are persons with physical disabilities and whom have

8   standing in their right to bring this action.

9       7.    That members of DREES, like plaintiff CRAIG YATES, will or have been guests

10   and invitees at the subject SUSHI BISTRO, and that the interests of plaintiff DREES in

11   removing architectural barriers at the subject bistro advance the purposes of DREES to assure

12   that all public accommodations, including the subject bistro, are accessible to independent use by

13   mobility-impaired persons.  The relief sought by plaintiff DREES as alleged herein is purely

14   statutory in nature.

15       8.    Defendants SUSHI BISTRO, INC., a California corporation; JEFFERY LAU; and

16   SOPHIA LAU (hereinafter alternatively collectively referred to as "defendants") are the owners

17   and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public

18   accommodation known as the SUSHI BISTRO, located at/near 445 Balboa Street, San Francisco,

19   California, or of the building and/or buildings which constitute said public accommodation.

20       9.    At all times relevant to this complaint, defendants SUSHI BISTRO, INC.,a

21   California corporation; JEFFERY LAU; and SOPHIA LAU, own and operate in joint venture the

22   subject SUSHI BISTRO as a public accommodation.  This business is open to the general public

23   and conducts business therein.  The business is a "public accommodation" or "public facility"

24   subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.*, Health and Safety

25   code §19955, *et seq.*, and the ADA, 42 U.S.C. §12101, *et seq.*

26   ///

27   ///

28   ///

10.     At all times relevant to this complaint, defendants SUSHI BISTRO, INC., a California corporation; JEFFERY LAU; and SOPHIA LAU are jointly and severally responsible to identify and remove architectural barriers at the subject SUSHI BISTRO pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

### § 36.201        General

> (b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

## PRELIMINARY FACTUAL ALLEGATIONS:

11.     The SUSHI BISTRO, is a bistro, located at/near 445 Balboa Street, San Francisco, California.  The SUSHI BISTRO, its entrance, path of travel, unisex restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the SUSHI BISTRO and each of its facilities, its entrance, path of travel and unisex restroom  to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

12.     At all times stated herein, plaintiff CRAIG YATES  was a member of DREES.

13.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the SUSHI BISTRO as being handicapped accessible and handicapped usable.

14.     On or about November 29, 2007, March 5, 2008, April 3, 2008 and May 4, 2008, plaintiff CRAIG YATES was an invitee and guest at the subject SUSHI BISTRO, sometimes alone and sometimes with a guest  for purposes of sushi and beverage.

15.     On or about November 29, 2007, plaintiff CRAIG YATES and his son Nicholas Yates, dined at SUSHI BISTRO.  Plaintiff CRAIG YATES approached the entry door and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  pushed the ISA button for access. The power door did not work. As a result, the pressure was
2  estimated to be in excess of twenty-five (25) lbs.

3      16.     At said time and place, plaintiff CRAIG YATES son Nicholas opened the door
4  and the two entered the restaurant.

5      17.     At said time and place, it was quite crowded. Plaintiff CRAIG YATES and his
6  son were seated next to the door. They had a meal. Plaintiff CRAIG YATES needed to use the
7  unisex restroom, but the path of travel between the sushi bar and tables required approximately
8  four (4) customers at the tables to stand up and move, and approximately three (3) customers
9  sitting at the bar to do the same. The restroom, which appeared once to be a full and compliant
10 restroom, was not useable by the disabled: tables and chairs were stacked inside the restroom and
11 the lavatory was in a cabinet. Plaintiff CRAIG YATES encountered these barriers.

12      18.     At said time and place, plaintiff CRAIG YATES formed the opinion that this
13 bistro had been formerly "ADAAG" compliant, and that the landlord and the tenant allowed it to
14 fall out of compliance. The failure to maintain the formerly accessible bistro as "accessible" was
15 "intentional."

16      19.     On or about March 5, 2008, plaintiff CRAIG YATES returned alone to SUSHI
17 BISTRO. As plaintiff approached the door to SUSHI BISTRO, a customer opened the door for
18 plaintiff CRAIG YATES. Plaintiff CRAIG YATES had a meal and used the unisex restroom
19 encountering the same barriers.

20      20.     On or about March 11, 2008, plaintiff CRAIG YATES wrote both the landlord
21 and the tenant about the access problems at SUSHI BISTRO. Plaintiff CRAIG YATES never
22 received a response.

23      21.     On or about April 3, 2008, plaintiff CRAIG YATES returned to SUSHI BISTRO.
24 No remedial measures had been undertaken. On this occasion, the door was propped open.

25      22.     At said time and place, plaintiff CRAIG YATES was seated. Plaintiff CRAIG
26 YATES was approached by an Asian woman, who appeared to be in a managerial position.
27 Plaintiff CRAIG YATES began to explain the access problems. It did not appear she had a firm
28 understanding of English. She summoned the sushi chef. The sushi chef was a very polite

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1   Japanese man. Plaintiff CRAIG YATES and this fellow discussed the access problems. The

2   sushi chef stated in substance, that the power door was unplugged, because the school kids would

3   press the button while the restaurant was closed and the door locked. This would damage the

4   opening mechanism. Therefore, the power door is left unplugged or inoperable.

5        23.    At said time and place, the sushi chef plugged in the power door, and the door was

6   operable if you slightly applied pressure to the door pushing or pulling it. However, the door

7   entrance button did not activate the door.

8        24.    At said time and place, plaintiff CRAIG YATES formed the opinion that the door

9   button probably didn't work, because the button needed a battery. The Japanese gentleman said

10   he would have someone look into the problem.

11        25.    At said time and place, plaintiff CRAIG YATES went on to explain the problem

12   in the restroom: tables, chairs and other supplies stacked in the restroom, and that the lavatory is

13   in a cabinet. The chef was extremely polite and apologized. The chef indicated that they would

14   take care of the problems. Plaintiff CRAIG YATES suggested that the lavatory be taken out of

15   the cabinet and replaced with a wall hung sink. Thereafter, plaintiff CRAIG YATES left.

16        26.    On or about May 4, 2008, plaintiff CRAIG YATES returned to SUSHI BISTRO.

17   The power door was still inoperable. When plaintiff CRAIG YATES attempted to use the

18   restroom, he discovered that the restroom was still cluttered with tables and chairs. All other

19   barriers were still in place. Plaintiff CRAIG YATES was surprised that the removal of the

20   simplest barriers had not been removed to wit:

21           &bull;    the tables and the chairs from the restroom.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

27.     Therefore, at said time(s) and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject SUSHI BISTRO which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

    a.    lack of directional signage to show accessible routes of travel, i.e. entrances: power door button inoperable;

    b.    lack of an accessible entrance;

    c.    lack of a handicapped-accessible unisex public restroom;

    d.    lack of a clear path of travel between tables; and

    e.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

28.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

29.     On or about March 11, 2008, defendant(s) were sent two (2) letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances. Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

30.     At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities. Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury.

1        31.     As a legal result of defendants SUSHI BISTRO, INC., a California corporation;

2 JEFFERY LAU; and SOPHIA LAU's failure to act as a reasonable and prudent public

3 accommodation in identifying, removing or creating architectural barriers, policies, practices and

4 procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered

5 the damages as alleged herein.

6        32.     As a further legal result of the actions and failure to act of defendants, and as a

7 legal result of the failure to provide proper handicapped-accessible public facilities as set forth

8 herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff

9 CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical

10 disabilities to full and equal access to public facilities.

11        33.     Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,

12 mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,

13 embarrassment, anger, disappointment and worry, expectedly and naturally associated with a

14 person with physical disabilities being denied access, all to his damages as prayed hereinafter in

15 an amount within the jurisdiction of this court. No claim is being made for mental and emotional

16 distress over and above that usually associated with the discrimination and physical injuries

17 claimed, and no expert testimony regarding this usual mental and emotional distress will be

18 presented at trial in support of the claim for damages.

19        34.     Defendants', and each of their, failure to remove the architectural barriers

20 complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public

21 accommodation, and continues to create continuous and repeated exposure to substantially the

22 same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

23        35.     Plaintiff CRAIG YATES and the membership of DREES were denied their rights

24 to equal access to a public facility by defendants SUSHI BISTRO, INC., a California corporation;

25 JEFFERY LAU; and SOPHIA LAU, because defendants SUSHI BISTRO, INC., a California

26 corporation; JEFFERY LAU; and SOPHIA LAU maintained a bistro without access for persons

27 with physical disabilities to its facilities, including but not limited to the entrance, path of travel,

28 unisex restroom, and other public areas as stated herein, and continue to the date of filing this

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  complaint to deny equal access to plaintiffs and other persons with physical disabilities in these
2  and other ways.

3       36.    On information and belief, construction alterations carried out by defendants have
4  also triggered access requirements under both California law and the Americans with Disabilities
5  Act of 1990.

6       37.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the SUSHI
7  BISTRO  to be made accessible to meet the requirements of both California law and the
8  Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants
9  operate the bistro as a public facility.

10      38.    Plaintiffs seek damages for violation of their civil rights on  November 29, 2007,
11  March 5, 2008, April 3, 2008 and May 4, 2008, and they seek statutory damages of not less than
12  $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for
13  each day after his/her visit that the trier of fact (court/jury) determines was the date that some or
14  all remedial work should have been completed under the standard that the landlord and tenant had
15  an ongoing duty to identify and remove architectural barriers where it was readily achievable to do
16  so, which deterred plaintiff CRAIG YATES from returning to the subject public accommodation
17  because of his knowledge and/or belief that neither some or all architectural barriers had been
18  removed and that said premises remains inaccessible to persons with disabilities whether a
19  wheelchair user or otherwise.

20      39.    On information and belief, defendants have been negligent in their affirmative duty
21  to identify the architectural barriers complained of herein and negligent in the removal of some or
22  all of said barriers.

23      40.    Because of defendants' violations, plaintiffs and other persons with physical
24  disabilities are unable to use public facilities such as those owned and operated by defendants on a
25  "full and equal" basis unless such facility is in compliance with the provisions of the Americans
26  with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
27  other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling
28  defendants to make the SUSHI BISTRO accessible to persons with disabilities.

1  41.  On information and belief, defendants have intentionally undertaken to modify and

2  alter existing building(s), and have failed to make them comply with accessibility requirements

3  under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each

4  of them, in failing to provide the required accessible public facilities at

5  the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and

6  despicable conduct carried out by defendants, and each of them, with a willful and conscious

7  disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a

8  trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more

9  profound example of defendants, and each of them, to other operators of other bistro and other

10 public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51,

11 51.5 and 54.

12  42.  Plaintiffs are informed and believe and therefore allege that defendants

13 SUSHI BISTRO, INC., a California corporation; JEFFERY LAU; and SOPHIA LAU, and each of

14 them, caused the subject building(s) which constitute the SUSHI BISTRO to be constructed,

15 altered and maintained in such a manner that persons with physical disabilities were denied full

16 and equal access to, within and throughout said building(s) of the SUSHI BISTRO and were

17 denied full and equal use of said public facilities. Furthermore, on information and belief,

18 defendants have continued to maintain and operate said bistro and/or its building(s) in such

19 conditions up to the present time, despite actual and constructive notice to such defendants that

20 the configuration of the bistro and/or its building(s) is in violation of the civil rights of persons

21 with physical disabilities, such as plaintiff CRAIG YATES, the membership of plaintiff DREES

22 and the disability community which DREES serves. Such construction, modification, ownership,

23 operation, maintenance and practices of such public facilities are in violation of Civil Code §§51,

24 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

25  43.  On personal knowledge, information and belief, the basis of defendants' actual and

26 constructive notice that the physical configuration of the facilities including, but not limited to,

27 architectural barriers constituting the SUSHI BISTRO and/or building(s) was in violation of the

28 civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  communications with invitees and guests, plaintiff CRAIG YATES himself, sponsors of

2  conferences, owners of other restaurants, hotels, motels and businesses, notices they obtained

3  from governmental agencies upon modification, improvement, or substantial repair of the subject

4  premises and other properties owned by these defendants, newspaper articles and trade

5  publications regarding the Americans with Disabilities Act of 1990 and other access laws, public

6  service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and

7  other similar information. Defendants' failure, under state and federal law, to make the SUSHI

8  BISTRO accessible is further evidence of defendants' conscious disregard for the rights of

9  plaintiff and other similarly situated persons with disabilities. Despite being informed of such

10  effect on plaintiff and other persons with physical disabilities due to the lack of accessible

11  facilities, defendants, and each of them, knowingly and willfully refused to take any steps to

12  rectify the situation and to provide full and equal access for plaintiffs and other persons with

13  physical disabilities to the bistro. Said defendants, and each of them, have continued such

14  practices, in conscious disregard for the rights of plaintiffs and other persons with physical

15  disabilities, up to the date of filing of this complaint, and continuing thereon. Defendants had

16  further actual knowledge of the architectural barriers referred to herein by virtue of the demand

17  letter addressed to the defendants and served concurrently with the summons and complaint. Said

18  conduct, with knowledge of the effect it was and is having on plaintiffs and other persons with

19  physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety

20  of plaintiffs and of other similarly situated persons, justifying the imposition of treble damages per

21  Civil Code §§52 and 54.3.

22      44.   Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and

23  the disability community which it serves, consisting of persons with disabilities, would, could and

24  will return to the subject public accommodation when it is made accessible to persons with

25  disabilities.

26  ///

27  ///

28  ///

**I.   FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants SUSHI BISTRO, INC., a California corporation; JEFFERY LAU; and SOPHIA LAU, inclusive)
(42 U.S.C. §12101, *et seq.*)

45.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 44 of this complaint.

46.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

47.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

///
///
///
///

48.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

(7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -

(B) a restaurant, bar or other establishment serving food or drink

42 U.S.C. §12181(7)(B)

49.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

50.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

///
///

1          (iv)    a failure to remove architectural barriers, and
communication barriers that are structural in nature, in existing
2     facilities . . . where such removal is readily achievable; and

3          (v)    where an entity can demonstrate that the removal of
a barrier under clause (iv) is not readily achievable, a failure to
4     make such goods, services, facilities, privileges, advantages or
accommodations available through alternative methods if such
5     methods are readily achievable.

6 The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public

7 Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

8 January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

9 §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

10     51.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was

11 at all times after January 26, 1992 "readily achievable" as to the subject building(s) of SUSHI

12 BISTRO pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the

13 removal of all the barriers complained of herein together was not "readily achievable," the

14 removal of each individual barrier complained of herein was "readily achievable."  On

15 information and belief, defendants' failure to remove said barriers was likewise due to

16 discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

17 (b)(2)(A)(i)and (ii).

18     52.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

19 accomplishable and able to be carried out without much difficulty or expense."  The statute

20 defines relative "expense" in part in relation to the total financial resources of the entities

21 involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that

22 plaintiffs complain of herein were and are "readily achievable" by the defendants under the

23 standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was

24 not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

25 make the required services available through alternative methods which were readily achievable.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    53.    On information and belief, construction work on, and modifications of, the subject
2    building(s) of SUSHI BISTRO occurred after the compliance date for the Americans with
3    Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of
4    the ADA.

5    54.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*
6    *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
7    Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the
8    basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs
9    are about to be subjected to discrimination in violation of §302. Plaintiffs are deterred from
10   returning to or making use of the public facilities complained of herein so long as the premises
11   and defendants' policies bar full and equal use by persons with physical disabilities.

12   55.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a
13   disability to engage in a futile gesture if such person has actual notice that a person or
14   organization covered by this title does not intend to comply with its provisions". Pursuant to this
15   section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about
16   May 4, 2008 , but on information and belief, alleges that defendants have continued to violate the
17   law and deny the rights of plaintiffs and of other persons with physical disabilities to access this
18   public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of
19   §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such
20   facilities readily accessible to and usable by individuals with disabilities to the extent required by
21   this title".

22   56.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights
23   Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement
24   the Americans with Disabilities Act of 1990, including but not limited to an order granting
25   injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being
26   deemed to be the prevailing party.

27   ///
28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2  II.    **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**

3         (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

4         corporation, and Against Defendants SUSHI BISTRO, INC., a California corporation; JEFFERY LAU; and SOPHIA LAU, inclusive)

5         (California Civil Code §§54, 54.1, 54.3, *et seq.*)

6    57.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

7  allegations contained in paragraphs 1 through 56 of this complaint.

8    58.    At all times relevant to this action, California Civil Code §54 has provided that

9  persons with physical disabilities are not to be discriminated against because of physical handicap

10  or disability.  This section provides that:

11              (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways,

12              sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

13
      59.    California Civil Code §54.1 provides that persons with disabilities shall not be

14  denied full and equal access to places of public accommodation or facilities:

15              (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to

16              accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all

17              common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or

18              modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities,

19              adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to

20              which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and

21              applicable alike to all persons.

22              Civil Code §54.1(a)(1)

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1    60.    California Civil Code §54.1 further provides that a violation of the Americans with

2  Disabilities Act of 1990 constitutes a violation of section 54.1:

3              (d) A violation of the right of an individual under the
               Americans with Disabilities Act of 1990 (Public Law 101-336) also
4              constitutes a violation of this section, and nothing in this section
               shall be construed to limit the access of any person in violation of
5              that act.

6          Civil Code §54.1(d)

7    61.    Plaintiff CRAIG YATES  and the membership of plaintiff DREES are persons

8  within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by

9  the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific

10  architectural barrier which defendants knowingly and willfully fail and refuse to remove

11  constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiffs have been and

12  continue to be denied full and equal access to defendants' SUSHI BISTRO.

13    62.    As a legal result, plaintiffs are entitled to seek damages pursuant to a court or jury

14  determination, in accordance with California Civil Code §54.3(a) for each day on which they

15  visited or have been deterred from visiting the bistro because of their knowledge and belief that

16  the SUSHI BISTRO is inaccessible to persons with disabilities.  California Civil Code §54.3(a)

17  provides:

18              Any person or persons, firm or corporation, who denies or interferes
               with admittance to or enjoyment of the public facilities as specified
19              in Sections 54 and 54.1 or otherwise interferes with the rights of an
               individual with a disability under Sections 54, 54.1 and 54.2 is
20              liable for each offense for the actual damages and any amount as
               may be determined by a jury, or the court sitting without a jury, up
21              to a maximum of three times the amount of actual damages but in
               no case less than . . .one thousand dollars ($1,000) and . . .
22              attorney's fees as may be determined by the court in addition
               thereto, suffered by any person denied any of the rights provided in
23              Sections 54, 54.1 and 54.2.

24          Civil Code §54.3(a)

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

63. On or about November 29, 2007, March 5, 2008, April 3, 2008 and May 4, 2008, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG YATES was denied access to entrance, path of travel, unisex restroom and other public facilities as stated herein at the SUSHI BISTRO and on the basis that plaintiff CRAIG YATES was a person with physical disabilities.

64. As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical discomfort.

65. Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

66. Plaintiffs have been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or about November 29, 2007, March 5, 2008, April 3, 2008 and May 4, 2008, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

67. As a result of defendants', and each of their, acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to

1  the provisions of Civil Code §54.3 and §55, plaintiffs therefore will seek recovery in this lawsuit

2  for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,

3  plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also

4  to compel the defendants to make their facilities accessible to all members of the public with

5  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

6  the provisions of §1021.5 of the Code of Civil Procedure.

7      Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

8  **III.   THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
       FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
9      (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
       EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
10     corporation and Against Defendants SUSHI BISTRO, INC., a California corporation;
       JEFFERY LAU; and SOPHIA LAU, inclusive)
11     (Health & Safety Code §19955, *et seq.*)

12     68.   Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

13  allegations contained in paragraphs 1 through 67 of this complaint.

14     69.   Health & Safety Code §19955 provides in pertinent part:

15         The purpose of this part is to insure that public accommodations or
           facilities constructed in this state with private funds adhere to the
16         provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
           of Title 1 of the Government Code. For the purposes of this part
17         "public accommodation or facilities" means a building, structure,
           facility, complex, or improved area which is used by the general
18         public and shall include auditoriums, hospitals, theaters, restaurants,
           hotels, motels, stadiums, and convention centers. When sanitary
19         facilities are made available for the public, clients or employees in
           such accommodations or facilities, they shall be made available for
20         the handicapped.

21     70.   Health & Safety Code §19956, which appears in the same chapter as §19955,

22  provides in pertinent part, "accommodations constructed in this state shall conform to the

23  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

24  Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

25  public accommodations constructed or altered after that date. On information and belief, portions

26  of the SUSHI BISTRO and/or of the building(s) were constructed and/or altered after July 1,

27  1970, and substantial portions of the bistro and/or the building(s) had alterations, structural

28  repairs, and/or additions made to such public accommodations after July 1, 1970, thereby

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  requiring said bistro and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*,
2  of the Health & Safety Code upon such alteration, structural repairs or additions per Health &
3  Safety Code §19959.

4    71.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State
5  Architect promulgated regulations for the enforcement of these provisions. Effective July 1,
6  1982, Title 24 of the California Building Standards Code adopted the California State Architect's
7  Regulations and these regulations must be complied with as to any alterations and/or
8  modifications of SUSHI BISTRO and/or the building(s) occurring after that date. Construction
9  changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant
10  to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.
11  On information and belief, at the time of the construction and modification of said building, all
12  buildings and facilities covered were required to conform to each of the standards and
13  specifications described in the American Standards Association Specifications and/or those
14  contained in Title 24 of the California Building Standards Code.

15    72.    Bistros such as the SUSHI BISTRO are "public accommodations or facilities"
16  within the meaning of Health & Safety Code §19955, *et seq.*

17    73.    As a result of the actions and failure to act of defendants, and as a result of the
18  failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were
19  denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs'
20  civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to
21  public facilities.

22    74.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,
23  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
24  plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with
25  physical disabilities and prohibiting discrimination against the persons with physical disabilities,
26  and to take such action both in plaintiffs' own interests and in order to enforce an important right
27  affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all
28  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953

2 and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs

3 and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-

4 3(a)). Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing

5 party.

6      75.     Plaintiffs seek injunctive relief for an order compelling defendants, and each of

7 them, to make the subject place of public accommodation readily accessible to and usable by

8 persons with disabilities.

9      Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

10 **IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**

11 **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

12 (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

13 corporation, and Against Defendants SUSHI BISTRO, INC., a California corporation; JEFFERY LAU; and SOPHIA LAU, inclusive)

14 (Civil Code §51, 51.5)

15      76.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

16 allegations contained in paragraphs 1 through 75 of this complaint.

17      77.     Defendants' actions and omissions and failure to act as a reasonable and prudent

18 public accommodation in identifying, removing and/or creating architectural barriers, policies,

19 practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

20 Unruh Act provides:

21           This section shall be known, and may be cited, as the Unruh Civil Rights Act.

22

23           All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal

24 accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

25

26           This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion,

27 ancestry, national origin, or **disability.**

28 ///

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

78.    The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

79.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the

1   basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.

2   Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the

3   right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)

4   shall also constitute a violation of this section". Plaintiffs accordingly incorporate the entirety of

5   their above cause of action for violation of the Americans with Disabilities Act at 45, *et seq.*, as if

6   repled herein.

7       80.    As a legal result of the violation of plaintiff CRAIG YATES's civil rights as

8   hereinabove described, plaintiff CRAIG YATES has suffered general and statutory damages.

9       81.    Further, plaintiff CRAIG YATES suffered physical injury, emotional distress (all

10  to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs).

11  Plaintiffs CRAIG YATES and DREES are entitled to the rights and remedies of §52(a) of the

12  Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean

13  "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by

14  statute, according to proof if deemed to be the prevailing party.

15  **PRAYER:**

16      Plaintiffs pray that this court award damages and provide relief as follows:

17  **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
        PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

18      **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
        (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,

19      EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
        corporation, and Against Defendants SUSHI BISTRO, INC., a California corporation;

20      JEFFERY LAU; and SOPHIA LAU, inclusive)
        (42 U.S.C. §12101, *et seq.*)

21

22      1.    For injunctive relief, compelling defendants SUSHI BISTRO, INC., a California

corporation; JEFFERY LAU; and SOPHIA LAU, inclusive, to make the SUSHI BISTRO, located

23
    at 445 Balboa Street, San Francisco, California, readily accessible to and usable by individuals

24
    with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies,

25
    practice, eligibility criteria and procedures so as to afford full access to the goods, services,

26
    facilities, privileges, advantages and accommodations being offered.

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

2   the prevailing party; and

3      3.      For such other and further relief as the court may deem proper.

4   **II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
        EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
5   **AND 54.3, *ET SEQ.***
        (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
6       EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
        corporation, and Against Defendants SUSHI BISTRO, INC., a California corporation;
7       JEFFERY LAU; and SOPHIA LAU, inclusive)
        (California Civil Code §§54, 54.1, 54.3, *et seq.*)

8
       1.      For injunctive relief, compelling defendants SUSHI BISTRO, INC., a California
9
    corporation; JEFFERY LAU; and SOPHIA LAU, inclusive, to make the SUSHI BISTRO, located
10
    at 445 Balboa Street, San Francisco, California, readily accessible to and usable by individuals
11
    with disabilities, per state law.
12
       2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for
13
    each occasion on which plaintiffs were deterred from returning to the subject public
14
    accommodation.
15
       3.      Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure
16
    §1021.5, if plaintiffs are deemed the prevailing party;
17
       4.      Treble damages pursuant to Civil Code §54.3;
18
       5.      For all costs of suit;
19
       6.      Prejudgment interest pursuant to Civil Code §3291;
20
       7.      Such other and further relief as the court may deem just and proper.
21
    **III.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
22          EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
            AND 54.3, *ET SEQ.***
23          (On Behalf of Plaintiff CRAIG YATES, and Against Defendants SUSHI BISTRO, INC., a
            California corporation; JEFFERY LAU; and SOPHIA LAU, inclusive),
24          (California Civil Code §§54, 54.1, 54.3, *et seq.*)

25      1.      General and compensatory damages according to proof.

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**IV.** **PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants SUSHI BISTRO, INC., a California corporation; JEFFERY LAU; and SOPHIA LAU, inclusive)
(Health & Safety code §19955, *et seq.*)

1. For injunctive relief, compelling defendants SUSHI BISTRO, INC., a California corporation; JEFFERY LAU; and SOPHIA LAU, inclusive, to make the SUSHI BISTRO, located at 445 Balboa Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2. For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3. For all costs of suit;

4. For prejudgment interest pursuant to Civil Code §3291;

5. Such other and further relief as the court may deem just and proper.

**V.** **PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants SUSHI BISTRO, INC., a California corporation; JEFFERY LAU; and SOPHIA LAU, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1. All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2. Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3. Treble damages pursuant to Civil Code §52(a);

4. For all costs of suit;

5. Prejudgment interest pursuant to Civil Code §3291; and

6. Such other and further relief as the court may deem just and proper.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  **VI.  PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, and Against Defendants SUSHI BISTRO, INC., a California corporation; JEFFERY LAU; and SOPHIA LAU, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.  General and compensatory damages to plaintiff CRAIG YATES according to proof.

Dated: _5/7/08_, 2008        THOMAS E. FRANKOVICH
                             *A PROFESSIONAL LAW CORPORATION*


                             By: _____
                                 THOMAS E. FRANKOVICH
                             Attorneys for Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation

                             **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: _5/7/08_, 2008        THOMAS E. FRANKOVICH
                             *A PROFESSIONAL LAW CORPORATION*


                             By: _____
                                 THOMAS E. FRANKOVICH
                             Attorneys for Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

Exhibit A

Recycled    Stock # R DOA-10-B

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

March 11, 2008

Manager
Sushi Bistro
445 Balboa St.
San Francisco, CA 94118

Dear Manager of Sushi Bistro:

I've visited Sushi Bistro on a few occasions. As I use a wheelchair, I had problems with the entry door. The door pressure is unbelievable. I needed help to open it. I saw the button for the automatic door but it never works. When it came time to use the restroom, I couldn't. It's plenty big but you've got tables stacked up and a cabinet for the sink. You can't maneuver very easily. If my recollection is right, you're also missing a grab bar. I'm left with the impression that somebody made the restroom accessible and that somebody else undid it. Am I right?

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Sushi Bistro once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

March 11, 2008

Owner of Building
Sushi Bistro
445 Balboa St.
San Francisco, CA 94118

Dear Owner of Building for Sushi Bistro:

I've visited Sushi Bistro on a few occasions. As I use a wheelchair, I had problems with the entry door. The door pressure is unbelievable. I needed help to open it. I saw the button for the automatic door but it never works. When it came time to use the restroom, I couldn't. It's plenty big but you've got tables stacked up and a cabinet for the sink. You can't maneuver very easily. If my recollection is right, you're also missing a grab bar. I'm left with the impression that somebody made the restroom accessible and that somebody else undid it. Am I right?

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Sushi Bistro once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.   You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you,

Craig Yates